UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In re:

WILLIAM H. STONE, II and : Case No. 04-23129T
CYNTHIA J. STONE,
    *Debtor(s)* :

:

## **ORDER**

AND NOW, this 7th day of December, 2005, it is ORDERED that Debtors' Motion to Vacate the Order entered by this Court on July 28, 2005 granting the Motion filed by Waterfield Mortgage Company ("Waterfield") requesting relief from the automatic stay is DENIED both for failure to prosecute[1] and on the merits, see Butler v. Lomas and Nettleton Co., 862 F.2d 1015, 1018 (3rd Cir. 1988)(the purchaser at a sheriff's sale obtains vested equitable ownership of the property at the fall of the auctioneer's hammer); In re Rouse, 48 B.R. 236 (Bankr. E.D. Pa. 1985)(once the hammer falls at a sheriff's sale, the mortgagor has no right to redeem under Pennsylvania law); see also In re Moore, 267 B.R. 111, 118 (Bankr. E.D. Pa. 2001)(the purchaser at a sheriff's sale obtains vested equitable ownership of the property at the fall of the auctioneer's hammer).

Reading, PA

                                            THOMAS M. TWARDOWSKI
                                            United States Bankruptcy Judge

---

1. To explain, a hearing was held on Debtors' Motion to Vacate on November 8, 2005, at which time the matter was taken under advisement and a bench order was entered directing the parties to file briefs. Specifically, Debtors were directed to file their brief in support of their Motion within ten days and Waterfield was directed to file its brief in opposition to Debtors' Motion within twenty days. While counsel for Debtors filed a letter on November 18, 2005 in which he indicated, without explanation, that he would not be filing a brief, Waterfield filed its brief in opposition to Debtors' Motion on November 30, 2005.